**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

FILED
JAMES BONINI
CLERK
2009 OCT 23 A 11: 10
U.S. DIS...
SOUTHERN DIST COURT
EAS DIV  OHIO
COLUMBUS

JEFFREY MAYLE,                          :
5052 15th Street SW
Canton, Ohio 44710                      :

MILDRED KOWELL                          :          CIVIL ACTION NO. **2 : 0 9 CV 9 4 9**
5745 Laurel Lane Street NW
Canton, Ohio 44708                      :          JUDGE            **JUDGE WATSON**

JAY YOUNG                               :          MAGISTRATE JUDGE
3808 Hunters Isle Drive
Orlando, Florida 32837                  :                **MAGISTRATE JUDGE KING**

                        Plaintiffs,     :

        v.                              :

JERRY L. MALOON II, in both his         :
   official and individual capacities,
Ohio Attorney General's Office          :
30 East Broad Street, 17th floor
Columbus, Ohio 43215                    :

DAVID R. HUNT, in both his              :
   official and individual capacities,
Franklin County Sheriff's Office        :
369 South High Street, 3rd floor
Columbus, Ohio 43215                    :

        and                             :
                                                   **JURY DEMAND ENDORSED HEREON**
LISA SMITH,                             :
964 Salisbury Road
Columbus, Ohio 43204                    :

## COMPLAINT

### I.    Preliminary Statement

1.    Plaintiffs bring this action for compensatory and punitive damages, equitable and

injunctive relief, pre- and post-judgment interest, and costs because Defendants Jerry L. Maloon

II, Legal Counsel for the Ohio Organized Crime Investigation Commission (OOCIC); David R. Hunt, Sergeant in the Franklin County Sheriff's Office, Special Investigations Unit; and Lisa Smith, former Detective of the Columbus Police Department, Vice Squad, conspired under color of state law to violate their Fourth and Fourteenth Amendments rights when they secured a search warrant by making false statements and material omissions to the issuing Judge and executed that search warrant against Plaintiffs, seizing their property, impairing their business operations, and interfering with their personal lives, all without probable cause and for the vindictive purpose of revenging a series of failed prosecutions against Plaintiffs' Tic-Tac-Fruit amusement devices.

**II.**     **Jurisdiction and Venue**

2.      This action brings civil rights claims pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question).

4.      Declaratory, injunctive, and equitable relief and compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1983.

5.      Costs may be awarded pursuant to the 42 U.S.C. § 1988 and Fed. R. Civ. P. 54.

6.      Venue lies in this forum pursuant to 28 U.S.C. § 1391(b) and S.D. Civ. R. 82.1 because the claim arose in Franklin County where at all times material to this Complaint the Plaintiffs either resided or engaged in their lawful business operations and the underlying incidents occurred.

### III.   Parties

7.      Plaintiffs Jeffrey Mayle, Mildred Kowell, and Jay Young were, at all times material to this Complaint, citizens of the United States, and engaged in the lawful business operation of providing and servicing the legal skill game of Tic-Tac-Fruit and other amusement devices to outlets throughout Ohio.

8.      Defendant Jerry L. Maloon II was, at all times material to this action, Legal Counsel for the Ohio Organized Crime Investigation Commission (OOCIC), an arm of the Office of the Ohio Attorney General, and is being sued in both his individual and official capacities.

9.      Defendant David R. Hunt was, at all times material to this action, a Sergeant in the Franklin County Sheriff's Office assigned to its Special Investigations Unit, and is being sued in both his individual and official capacities.

10.     Defendant Lisa Smith was, at all times material to this action, a Detective of the Columbus Police Department assigned to its Vice Squad, and is being sued in her individual capacity.

### IV.   Facts

11.     On October 24, 2007, the day before House Bill 177 severely limited skill games in Ohio, the Columbus Division of Police under the direction of the Ohio Attorney General executed a series of search warrants on homes, businesses, and bank accounts owned by Plaintiffs.

12.     Defendants claimed that the searches and seizures were to obtain evidence regarding criminal offenses in connection with the legal skill game Tic-Tac-Fruit.

13.     Defendants seized Plaintiffs' property, including currency, froze their bank accounts, and disrupted both their business operations and their personal lives.

-- 3 --

14. No criminal charges were ever filed in connections with those searches and seizures, nor were any arrests ever made.

15. Defendants persist in holding substantial personal property of one or more Plaintiffs.

16. For several years, Defendants or their predecessors have tried repeatedly and unsuccessfully to limit lawful skill games, including the game Tic-Tac-Fruit.

17. Before October 24, 2007, Ohio prohibited gambling by "schemes of chance" under R.C. 2915.02, but permitted a "skill-based amusement machine," which was defined as a machine where the "outcome of an individual's play and participation is not determined *largely or wholly by chance*." R.C. § 2915.01(AAA) (emphasis added).

18. In a series of cases before Ohio Courts, Tic-Tac-Fruit was deemed a "skill-based amusement machine.

19. On November 9, 2006, in *Fraternal Order of Eagles v. Ohio Department of Public Safety*, Franklin C.P. 06-CVH11 14726, declaratory and injunctive relief was granted against the Ohio Department of Public Safety, enjoining it from "seizing any Tic-Tac-Fruit skill based amusement machines until further notice."

20. In May 2007, the Ohio Attorney General announced a "new protocol" for law enforcement agencies to use to determine whether games are legal skill-based amusement machines or illegal schemes of chance, implicitly permitting continued operation of skill-based amusement machines that award cash prizes, but, after public criticism, abandoned the protocol.

21. In the summer of 2007, the Ohio Attorney General issued an emergency rule, pursuant to the Governor's Executive Order 2007-28S, "Implementing Rule Defining Skill-Based Amusement Machines and Unfair and Deceptive Practices in Consumer Transactions,"

-- 4 --

that changed the definition of "skill-based amusement machine" to prohibit the awarding of cash prizes and limited merchandise prizes to a wholesale value of ten dollars or less, and one or more Plaintiffs successfully secured declaratory and injunctive relief, affirmed on appeal, striking down that emergency rule.

22.     On October 10, 2007, following an expedited legislative process, the Ohio House of Representatives passed Amended House Bill 177, which declared an emergency and incorporated most of the changes proposed in the Attorney General's Emergency Rule, changing the definition of skill-based amusement machine to exclude machines that award cash, cash equivalents, or merchandise valued at more than ten dollars wholesale, and clarifying the regulatory authority for skill-based amusement machines, and that bill then passed the Senate on October 17, 2007, and was signed into law by Governor Strickland on October 25, 2007.

23.     Defendants had for many months been on a task force which targeted Tic-Tac-Fruit and Plaintiffs and, after the Ohio Department of Public Safety was enjoined, Defendant Maloon ceased his formal membership on that task force and yet continued to conspire with the other Defendants to secure and execute search warrants against Plaintiffs, even advising them when a procedural barrier arose to securing the search warrants, and later appeared before the issuing Judge under the guise of appointed special counsel to the City of Columbus for the one day and one hearing she held.

24.     To secure the search warrants for execution the day before Amended House Bill 177 took effect and pursue their vendetta against Plaintiffs, Defendants conspired to provide the issuing Judge false statements and material omissions in the affidavit submitted by Defendant Smith.

-- 5 --

25.     Those false statements and material omissions included failing to inform the issuing Judge of both the numerous cases either declaring Tic-Tac-Fruit lawful or dismissing prosecutions related to Tic-Tac-Fruit and the temporary restraining order issued against the Ohio Department of Public Safety regarding prosecution of one or more Plaintiffs; misleading her into believing that Tic-Tac-Fruit had been deemed a game of chance by an expert; and tracing out of context money transfers to paint a picture of profitable illicit gambling when those transfer reflected the lawful payment for machines manufactured in China, to which payments were sent for that manufacturing and shipment.

26.     As a proximate result of Defendants' violations of their Fourth and Fourteenth Amendment rights, Plaintiffs have suffered and continue to suffer loss of property, emotional distress, and frustration.

**V.     Claims for Relief**

**A.     First Count: Deprivation of Fourth and Fourteenth Amendments Rights**

27.     Paragraphs 1 through 26 above are realleged and incorporated herein.

28.     By making false statements and material omissions to secure search warrants without probable cause and executing those search warrants on Plaintiffs, Defendants violated Plaintiffs' right to be free from unreasonable search and seizures in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

**B.     Second Count: Conspiracy to Deprive Plaintiffs of Their Civil Rights**

29.     Paragraphs 1 through 28 above are realleged and incorporated herein.

30.     By agreeing to injure Plaintiffs in revenge for their successful resistance to prosecution and efforts by the Ohio Attorney General to promulgate and enforce an emergency rule and through execution of search warrants secured by false statements and material

omissions, Defendants engaged in a civil conspiracy to deprive Plaintiffs of their right to be free from unreasonable search and seizures in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

**VI.**   **Prayer for Relief**

WHEREFORE, Plaintiffs pray that this Court:

a.      declare that Defendants, jointly and severally, have violated their civil rights;

b.      order such equitable relief as will make them whole for Defendants' unlawful conduct; pre- and post-judgment interest; and costs;

c.      award compensatory and punitive damages in excess of $25,000; and

d.      grant such other relief as the Court may deem appropriate.

Respectfully submitted,

*Mildred I. Kowell*
Pro Se

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues and defenses.

*Mildred I. Kowell*
Pro Se

-- 7 --

omissions, Defendants engaged in a civil conspiracy to deprive Plaintiffs of their right to be free from unreasonable search and seizures in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

## VI.  Prayer for Relief

WHEREFORE, Plaintiffs pray that this Court:

a.  declare that Defendants, jointly and severally, have violated their civil rights;

b.  order such equitable relief as will make them whole for Defendants' unlawful conduct; pre- and post-judgment interest; and costs;

c.  award compensatory and punitive damages in excess of $25,000; and

d.  grant such other relief as the Court may deem appropriate.

Respectfully submitted,

_____
Pro Se

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues and defenses.

_____
Pro Se

omissions, Defendants engaged in a civil conspiracy to deprive Plaintiffs of their right to be free

from unreasonable search and seizures in violation of the Fourth and Fourteenth Amendments to

the United States Constitution.

**VI.    Prayer for Relief**

WHEREFORE, Plaintiffs pray that this Court:

a.       declare that Defendants, jointly and severally, have violated their civil rights;

b.       order such equitable relief as will make them whole for Defendants' unlawful

conduct; pre- and post-judgment interest; and costs;

c.       award compensatory and punitive damages in excess of $25,000; and

d.       grant such other relief as the Court may deem appropriate.

Respectfully submitted,

*Pro Se*

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues and defenses.

*Pro Se*