**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY MAYLE, | : | |
| MILDRED KOWELL, and | : | |
| JAY YOUNG, | : | |
| | : | |
|     Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 2:09-CV-949 |
|              v. | | :JUDGE WATSON |
| | : | MAGISTRATE JUDGE KING |
| JERRY L. MALOON II, in both his | : | |
| official and individual capacities, | : | |
| | : | |
| DAVID R. HUNT, in both his | : | |
| official and individual capacities, | : | |
| | : | |
|     and | : | |
| | : | |
| LISA SMITH, in her individual capacity, | : | |
| | : | |
|     Defendants. | : | |

**Agreed Protective Order**

      This case contains materials which the Defendants and other governmental parties received through a privileged investigation into certain activities conducted by the Plaintiffs.  Such material is considered privileged through various federal or State statutes or administrative codes including but not limited to ORC 177.03(D)(4), OAC 4501:2-10-6, 31 U.S.C. 3511 *et seq.*, and 31 CFR 103 *et seq.*  Due to the sensitive nature of information provided in these various reports, the parties, represented by the undersigned counsel, hereby stipulate and agree to this Stipulated Protective Order ("the Protective Order") as follows:

      1.    All information and documents obtained by the Plaintiffs from the Defendants or non-party governmental bodies through discovery in this action

("Discovery Material") is "Confidential" pursuant to this Protective Order ("Confidential Discovery Material").  "Confidential Discovery Material" shall be used only for purposes of this action and shall be disclosed only to the parties and others as set forth below unless otherwise permitted upon motion to the Court.  Furthermore, certain categories of material designated by the Defendants in this case can be used only by the Plaintiffs' attorneys and appropriate expert witnesses, if any.  That information, designated as "Attorneys' Eyes Only Material" contains information obtained from various law enforcement agencies and is statutorily protected against disclosure. These categories of information include, but are not limited to FinCen (Financial Crimes Enforcement Network) Reports, Suspicious Activity Reports, CBRS (Currency Banking and Retrieval System) Reports, LEADS reports, and other Confidential Law Enforcement reports.  .

2.    Any party ("producing party") may protect a document which is produced by it as "Confidential" or "Attorneys' Eyes Only Material", which it in good faith believes contains sensitive personal, commercial, financial, trade, development, business, proprietary, or statutorily protected information that the party or non-party would not, in the ordinary course of its business affairs, reveal to third parties, or would require third parties to maintain in confidence. Confidential Discovery Material shall refer to the original Discovery Material designated as "Confidential" and all copies thereof, and shall also be referred to the "Confidential" information contained in Discovery Material.

3.      Confidential Discovery Material shall be maintained in confidence by the party to which it is produced (the "receiving party") and shall not be disclosed to any other person except:

    a.      the Court;

    b.      any court reporters who transcribe testimony at trial, hearings, conferences or depositions;

    c.      counsel of record in this action, in-house counsel and other counsel retained by the parties to this action, such counsel's employees, and administrative staff employed by the Ohio Attorney General's office;

    d.      the parties' officers and employees who are assisting counsel in preparing for the trial or other proceedings in this action, provided that such persons sign the confidentiality undertaking set forth in Exhibit A hereto (the "Undertaking");

    e.      fact witnesses and potential fact witnesses in this action who do not fall within Paragraph 3(d), provided that such persons sign the Undertaking;

    f.      persons or entities retained to provide litigation support services (i.e., photocopying, electronic data processing, graphics, document management, etc.), provided that such persons or entities sign the Undertaking; and

    g.      any other persons to whom the producing party agrees in writing, provided such persons sign the Undertaking.

4.      Documents (including electronic data) shall be designated as "Confidential" or "Attorneys Eyes Only" by placing or affixing on such material a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" label or its equivalent.

5.      Undertakings signed under this Protective Order (see Paragraph 3, above) shall be retained by the receiving party's counsel until after the conclusion of the action. The parties' counsel shall not be obligated to disclose the identity of experts, witnesses and others signing such Undertakings, or copies of the Undertakings, to opposing counsel during the action's proceedings, except upon order of the Court for good cause shown

6.      Entering into this Protective Order, producing or receiving Discovery Material or otherwise complying with the terms of this Protective Order shall not operate as an admission by either party that any particular Discovery Material designated as "Confidential" contains sensitive or highly sensitive information of any type, or prejudice in any way the right of either party to seek a determination by the Court whether particular Discovery Material should be designated as "Confidential."

7.      All Confidential Discovery Material shall be stored under the direct control of counsel of record for the receiving party who shall make all reasonable efforts to prevent any disclosure thereof, except in accordance with the terms of this Protective Order. At the termination of this action, all Confidential Discovery Material and Attorneys' Eyes Only Material, and all copies thereof, shall be returned to the Defendants' Attorney, or counsel of record for the receiving party shall certify in writing that such material has been destroyed, within sixty (60) calendar days of the termination.  Counsel of record may, however, retain a

complete copy of all pleadings, transcripts, exhibits and correspondence for archival purposes.

8.  In any application or submission to the Court in this action the producing party shall be permitted to take all reasonable steps necessary to preserve the confidentiality of Confidential Discovery Material.  If a receiving party seeks to use Confidential Discovery Material in any court proceeding, such party shall move the Court for leave to file such Material under seal and shall show good cause for the filing of the Material under seal.  The producing party has an opportunity to obtain an appropriate protective order from the Court to file such material under seal.  Nothing herein requires the receiving party to concur in or support the application for a protective order by the producing party, or to concur in the producing party's designation of any Discovery Material as "Confidential." In addition, the parties shall work with the Court to develop a protocol if any Confidential or Attorneys Eyes Only material is used in a trial in this matter.

9.  Nothing contained in this Protective Order shall limit or restrict the rights of the producing party or the receiving party from using or disclosing the party's own Confidential Discovery Material, documents available from public sources or documents that a party obtains or has obtained through sources other than Discovery Material in this Arbitration.

10.  Nothing contained in this Protective Order shall prevent the receiving party from challenging the producing party's designation of Discovery Material as Confidential, from seeking to submit materials for in camera inspection by the

Court or from seeking to modify or reduce the restrictions on use of any

Discovery Material by application to the Court.

11.     Plaintiffs have reservations about including the "Attorney's Eyes Only"

designation, but agree to this term subject provided that: (1) in the event of a

disagreement as to whether material should be "Attorney's Eyes Only," counsel

for the parties will immediately confer and attempt in good faith to resolve the

dispute; and (2) if those discussions do not resolve the matter, the counsel

challenging the "Attorney's Eyes Only" designation may expeditiously request

the Court's permission to allow counsel to review "Attorney's Eyes Only"

documents with counsel's client(s).


Dated: April 14, 2011.


                                                    *s/  Norah McCann King*
                                              Norah McCann King
                                              United States Magistrate Judge

                                              MICHAEL DEWINE
                                              OHIO ATTORNEY GENERAL

By: */s Alexander M. Spater*
     Alexander M. Spater                      By: */s Richard N. Coglianese*
                                                   Richard N. Coglianese
                                                   Aaron D. Epstein

                                              Constitutional Offices Section
*Attorney for Plaintiffs*                     30 East Broad Street, 16th Floor
                                              Columbus, Ohio 43215

                                              *Attorneys for Defendants*


RICHARD PFEIFFER, JR.
COLUMBUS CITY ATTORNEY
By: */s Glenn Redick*
     Glenn Redick

**Exhibit A**

**In The United States District Court
For The Southern District of Ohio, Eastern Division**

| | | |
|---|---|---|
| JEFFREY MAYLE, | : | |
| MILDRED KOWELL, and | : | |
| JAY YOUNG, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 2:09-CV-949 |
| v. | : | JUDGE WATSON |
| | : | MAGISTRATE JUDGE KING |
| JERRY L. MALOON II, in both his | : | |
| official and individual capacities, | : | |
| | : | |
| DAVID R. HUNT, in both his | : | |
| official and individual capacities, | : | |
| | : | |
| and | : | |
| | : | |
| LISA SMITH, in her individual capacity, | : | |
| | : | |
| Defendants. | : | |

UNDERTAKING CONCERNING CONFIDENTIAL DISCOVERY MATERIAL
COVERED BY STIPULATED PROTECTIVE ORDER DATED APRIL __, 2011

The undersigned hereby acknowledges that he/she had read the Stipulated

Protective Order dated April __, 2011 in the above-captioned matter, that he/she

understands the terms thereof, and that he/she agrees to be bound by such terms.


_____          _____
              Date                                                    Signature